IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. SCOTT JEFFREY MELNICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-3085 |
| | : | |
| v. | : | |
| | : | |
| THE MR. HERMANN SULDERITS FAMILY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                    October 24, 2014

This matter is one of 29 cases filed by the plaintiff *pro se*, Mr. Scott Jeffrey Melnick, in which he is attempting to collect hundreds of millions of dollars based on alleged contracts by which he provided advice to various individuals and entities as to how to win the lottery.[1] For the reasons set forth below, the court will order the plaintiff to show cause why the court should not dismiss the complaint in this case for (1) lack of subject-matter jurisdiction or (2) lack of timely service of process under Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] The plaintiff has filed 28 other actions in which he essentially alleges that (1) he expressly or impliedly entered into agreements with various individuals and entities through which he would provide them with guidance as to how to win the lottery, or (2) individuals or entities improperly obtained and used his advice as to how to win the lottery. *See* Civ. Action Nos. 5:14-cv-2855 (*Melnick v. The White House, et al.*), 5:14-cv-2856 (*Melnick v. Krotchta, et al.*), 5:14-cv-2857 (*Melnick v. Melnick, et al.*), 5:14-cv-3058 (*Melnick v. Knopf Automotive*), 5:14-cv-3060 (*Melnick v. The Dulski, et al.*), 5:14-cv-3062 (*Melnick v. Voitus*), 5:14-cv-3063 (*Melnick v. PNC Fin. Servs. Grp./Chex Sys., Inc., et al.*), 5:14-cv-3064 (*Melnick v. Hunan Springs*), 5:14-cv-3065 (*Melnick v. The Estate of Mr. James Leuth*), 5:14-cv-3066 (*Melnick v. Baumann's Antiques & Candles*), 5:14-cv-3067 (*Melnick v. The Am. Detective Agency*), 5:14-cv-3068 (*Melnick v. Jaindl*), 5:14-cv-3069 (*Melnick v. Dellinger, et al.*), 5:14-cv-3070 (*Melnick v. Lehigh Pizza*), 5:14-cv-3071 (*Melnick v. Segel*), 5:14-cv-3072 (*Melnick v. Suoboda, et al.*), 5:14-cv-3073 (*Melnick v. Ueichert Commercial Brokerage*), 5:14-cv-3074(*Melnick v. CNBC Studio*), 5:14-cv-3075 (*Melnick v. Weil Antique Ctr.*), 5:14-cv-3081 (*Melnick v. Alercia, et al.*), 5:14-cv-3083 (*Melnick v. Wells Fargo Bank, et al.*), 5:14-cv-3084 (*Melnick v. Young's Cleaners*), 5:14-cv-3086 *Melnick v. Dellisant, et al.*), 5:14-cv-3087 (*Melnick v. Ciappina, et al.*), 5:14-cv-3206 (*Melnick v. China House Rest.*), 5:14-cv-3207 (*Melnick v. Temple Beth El*), 5:14-cv-3208 (*Melnick v. Scott*), 5:14-cv-5631 (*Melnick v. Cole Haan*). The plaintiff appears to have paid the filing fee for each of the aforementioned actions.

   The court has not relied on the allegations in the above cases or the dispositions in those cases in analyzing the issues discussed in this memorandum opinion. The court references the cases only for contextual purposes.

## I. SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff commenced this action against the defendant, "The Mr. Hermann Sulderits Family," by filing a complaint on May 29, 2014. *See* Doc. No. 1.[2] In the complaint, the plaintiff alleges that he lives in Allentown, Pennsylvania, and the defendant lives in Alburtis, Pennsylvania. *See* Compl. at 1-2.[3] The plaintiff asserts that the court has federal-question jurisdiction over this case under 28 U.S.C. § 1331 insofar as the following federal constitutional, statutory or treaty rights are at issue: "Embezzlement, Theft of Service, [and] Conspiracy." *Id.* at 2.

Regarding the factual allegations in support of the plaintiff's purported claims, the particular allegations pertinent to the named defendant are difficult to discern because of the rambling narrative that the plaintiff is disguising as a complaint. In particular, the plaintiff starts his rambling narrative by indicating that he stopped by "Wendy's Store #9288" in Allentown, Pennsylvania to view a restaurant for sale. *Id.* at 3-A. Apparently, Hermann Sulderits ("Sulderits") was across the street and sought to ask questions to the plaintiff. *Id.* Sulderits "[had] some clue who [the plaintiff] was." *Id.*

On January 22, 2013, the plaintiff "went to meet [his] adjudicator." *Id.* He then telephoned individuals at "Weichert" and set up an appointment. *Id.* Sulderits and his daughter were at the appointment, and the plaintiff suspected two other individuals were 'hiding there" too. *Id.* The plaintiff notes that "the party sanctions had grown by the time [he] was to conjure the spirits and make predictions about winning lotteries." *Id.*

---

[2] The plaintiff used a form complaint in this case.
[3] Although the plaintiff names only one defendant in the caption of the complaint, he identifies two additional defendants, "Mr. Glenn D. Fritts of Weichert" and "Wendy's Store 9288," in the body of the complaint. *See* Compl. at 2. If the plaintiff meant to include these defendants as named defendants, his complaint violates Rule 10(a) of the Federal Rules of Civil Procedure because he did not include the defendants' names in the caption. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

At this point in the narrative, the plaintiff asks whether any of the individuals referenced won various lotteries. *Id.* The plaintiff then continues the narrative by stating that he invited all interested persons to go to Melt in Center Valley, Pennsylvania. *Id.* at 3-B. While at Melt, the plaintiff was "drug onward to the Department of Motor Vehicles whereby the date had been set for a lottery win to follow[.]" *Id.* In this regard, "the clue [presumably for how to win the lottery] was that [the plaintiff] needed a driver's license renewal[.]" *Id.* The plaintiff explains that he "gave them what [he] had promised[,] huge rewards in lieu of a job well done." *Id.*[4]

As for the injuries the plaintiff sustained from the aforementioned conduct, the plaintiff indicates, *inter alia*, that "[a] [b]reach of contract was possible/probable, to me, as we definitely conducted business on a higher plane." *Id.* at 4. For his requested relief, the plaintiff "want[s] all possible forms of compensation overdue." *Id.* In addition, he references approximately $340 million in winnings from two Powerball jackpots, and indicates that "[he] wants to sue Weichert for $20,000,000 if they're proven to be my leading cause, sue Wendy's for $10 m, the Sulderits for $5 m, Segel for $2.5 m. *Id.* It appears that the plaintiff seeks a total of $463,301,336.44 in damages. *Id.*

It appears that the Clerk of Court's office issued summons to the plaintiff on June 2, 2014. *See* 5-29-14 Unnumbered Docket Entry After Doc. No. 1 (showing issuance to plaintiff on June 2, 2014). This was the last activity in the case as reflected on the docket.

## II.    DISCUSSION

Although there appear to be significant issues with the merits of the claims in the complaint insofar as the plaintiff is attempting to collect money resulting from a lottery that the

---

[4] Although not named in the caption as a defendant, the plaintiff states the following about Weichert: "There was some conduct of contract. I was going to pay the asking price if 'they' should win, . . . but the summary judgment never got to my mailbox. I put my business card on the table. (It seemed they were to be paid in blood[])." Compl. at 3-B.

defendant may or, most likely, may not have won prior to his death, the court will not address those issues at this point.  Instead, there are two preliminary issues requiring resolution:  First, it does not appear that the court has subject-matter jurisdiction over this action.  Second, it does not appear that the plaintiff has properly effected service of the complaint and summons as required by Rule 4(m) of the Federal Rules of Civil Procedure.

With regard to subject-matter jurisdiction, the party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  Although the only document of record so far is the complaint, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*.  *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits.").  If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As indicated above, the plaintiff indicates that the court has federal-question jurisdiction over this case under 28 U.S.C. § 1331.  *See* Compl. at 2.  In support of this allegation, the plaintiff claims that the following constitutional, statutory, or treaty rights are at issue: "Embezzlement, Theft of Service, [and] Conspiracy."  *Id.*  With these allegations, the plaintiff has failed to sustain his burden to show that jurisdiction is proper here.

The federal-question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "For a claim to arise under the Constitution, laws or treaties

4

of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citation omitted). "Furthermore, the cause of action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law." *Id.* (citation omitted).

Despite the plaintiff's general references the court having federal-question jurisdiction and his assertion that his supposed federal rights against embezzlement, theft of service, and conspiracy are at issue, the complaint does not identify what, if any, federal constitutional, statutory, or treaty rights, are essential elements of his claims. Therefore, the plaintiff has not properly pleaded a valid basis for this court's subject-matter jurisdiction over this action under 28 U.S.C. § 1331.

Concerning the plaintiff's apparent failure to timely serve the complaint, he filed the complaint on May 29, 2014. The plaintiff had 120 days from the filing of that complaint, *i.e.* September 26, 2014, to serve the summons and the complaint upon Sulderits. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 120 days after the complaint is filed"). The plaintiff has not filed any proof of service indicating that he has effected service of the summons and the complaint in this matter. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Accordingly, to date, the plaintiff has not complied with Rule 4(m) by virtue of his failure to serve the summons and the complaint on Sulderits and file the appropriate proof of service with the court.

### III.  CONCLUSION

For the reasons set forth above, it appears that the court lacks subject-matter jurisdiction over this action.  Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted).  Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will provide the plaintiff with a period of twenty-one (21) days to file a written response in which he shows how the court has subject-matter jurisdiction over this case.

In addition, to the extent that the plaintiff can show that the court has subject-matter jurisdiction over this matter, he has still not complied with Rule 4(m) by serving the summons and the complaint upon Sulderits within 120 days of the filing of the complaint.  Per the mandates of Rule 4(m), the court will dismiss this action without prejudice for the plaintiff's failure to properly effect service of the summons and the complaint unless the plaintiff provides a written response in twenty-one (21) days establishing (1) he effected service of process within the 120-day period, or (2) good cause for the failure to effect timely service.  *See* Fed. R. Civ. P. 4(m) (mandating dismissal of action against defendant not timely served within 120 days unless plaintiff shows good cause for failure to serve).

An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.